UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| MARK THORPE, NICHOLAS MOON, and LATOYA CHAVIS-BURTON,<br><br>Plaintiffs,<br><br>v.<br><br>EXCEL INC. d/b/a DHL SUPPLY CHAIN (USA),<br><br>Defendant. | Civil Action No.<br>22-11033-FDS |

MEMORANDUM AND ORDER ON PLAINTIFFS'
MOTION FOR RECONSIDERATION

**SAYLOR, C.J.**

This is a wage-and-hour suit brought by employees of Exel Inc. d/b/a DHL Supply Chain USA ("DHL"). The complaint alleges claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and Illinois and California labor statutes. Plaintiff Chavis-Burton has also asserted a claim under the Private Attorneys General Act of 2004 ("PAGA"), Cal. Lab. Code §§ 2698 *et seq.* (Count 8).

On July 17, 2023, the Court issued a memorandum and order on defendant's motion to compel arbitration. The Court granted that motion in part, but denied defendant's motion for judgment on the pleadings as to Chavis-Burton's PAGA claim. Instead, following the terms of the parties' arbitration agreement, the Court severed and stayed that claim pending the resolution of the arbitration proceedings. Plaintiffs have moved for reconsideration with respect to the Court's decision to sever and stay Count 8. They contend that (1) there has been a relevant

intervening change in the law; (2) the stay creates an exhaustion requirement; and (3) the Court's decision to defer its exercise of supplemental jurisdiction over the PAGA claim was erroneous.

I. **Standard of Review**

"While the Federal Rules do not provide for a motion to reconsider, a district court has the inherent power to reconsider its interlocutory orders . . . ." *Fernández–Vargas v. Pfizer*, 522 F.3d 55, 61 n.2 (1st Cir. 2008). "[M]otions for reconsideration are appropriate only in a limited number of circumstances: if the moving party presents newly discovered evidence, if there has been an intervening change in the law, or if the movant can demonstrate that the original decision was based on a manifest error of law or was clearly unjust." *United States v. Allen*, 573 F.3d 42, 53 (1st Cir. 2009).

II. **Analysis**

Plaintiffs first contend that the California Supreme Court's ruling in *Adolph v. Uber Techs. Inc.*, 14 Cal. 5th 1104 (2023), is an intervening change in the law such that the Court's order to stay proceedings on Count 8 pending arbitration was in error. The Court disagrees.

The California Supreme Court's key holding in *Adolph* was that a plaintiff asserting both individual and representative claims under PAGA does not lose standing to assert her representative claims if her individual claims are ordered to arbitration. *Id.* at 1123. That holding, in substance, rejected the decision of the United States Supreme Court in *Viking River Cruises Inc. v. Moriana*, 142 S. Ct. 1906 (2022), which determined that a plaintiff *would* lose standing to assert representative claims if her individual claims were forced to arbitration, but left the final word on that issue to the California courts. *Id.* at 1925 (Sotomayor, J., concurring).

Here, the Court determined the parties' arbitration agreement required that *any* PAGA claim should be severed and stayed pending the resolution of the non-PAGA claims. The Court made no distinction between individual or representative claims, on either standing or mandatory

2

arbitration.  Although the *Adolph* court did not specifically address the situation here, it noted that "[w]hen an action includes arbitrable and nonarbitrable components . . . the court may stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement."  *Adolph*, 14 Cal. 5th at 1125 (quotation omitted).  Therefore, *Adolph* does not appear to disturb the principal basis for the Court's decision, and is not a relevant change in law that requires reconsideration.

      Plaintiffs' other two assertions are adequately addressed by the Court's prior decision giving effect to the meaning to the parties' arbitration agreement, which calls for all PAGA claims to be stayed until arbitration proceedings have resolved.  That interpretation neither creates an exhaustion requirement as part of PAGA nor an undue delay in determining whether to exercise supplemental jurisdiction.  Plaintiffs do not dispute that all of the prerequisites for supplemental jurisdiction are met, save for the Court's exercise of its own discretion.  Once arbitration proceedings conclude, therefore, the Court will determine whether the exercise of supplemental jurisdiction over the PAGA claim is appropriate.

      Accordingly, plaintiffs' motion for reconsideration is DENIED.

**So Ordered.**

Dated:  October 4, 2023

/s/ F. Dennis Saylor IV  
F. Dennis Saylor IV  
Chief Judge, United States District Court