UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **MARK THORPE, NICHOLAS MOON,** ) <br> **and LATOYA CHAVIS-BURTON,** ) <br> ) <br> **Plaintiffs,** ) <br> ) <br> **v.** ) <br> ) <br> **EXCEL INC. d/b/a DHL SUPPLY CHAIN** ) <br> **(USA),** ) <br> ) <br> **Defendant.** ) <br> ) | **Civil Action No.** <br> **22-11033-FDS** |

## ORDER ON PLAINTIFF'S MOTION TO LIFT STAY

**SAYLOR, C.J.**

This is a wage-and-hour suit brought by employees of Exel Inc. d/b/a DHL Supply Chain

USA ("DHL").  The complaint alleges claims under the Fair Labor Standards Act ("FLSA"),

29 U.S.C. § 201 *et seq*., and Illinois and California labor statutes.  Plaintiff Chavis-Burton has

also asserted a claim under the California Private Attorneys General Act of 2004 ("PAGA"),

Cal. Lab. Code §§ 2698 *et seq.* (Count 8).

On July 13, 2023, the Court granted defendant's motion to compel arbitration of plaintiff

Chavis-Burton's non-PAGA claims, finding that the arbitration agreement between her and

defendant required that result.  (ECF No. 62).  The Court stayed the PAGA claim pending the

outcome of that arbitration.  (*Id.*).  The Court has already denied reconsideration of that decision.

(ECF No. 69).  Chavis-Burton has now moved to lift the stay of the PAGA claims because, she

contends, she has "elected not to pursue her FLSA and non-PAGA California law claims in

arbitration."  (Pl. Mot. at 1).  In support of the motion, she has submitted a declaration stating

that she does not "intend" to proceed with the FLSA or non-PAGA claims in arbitration or any court. (Pl. Ex. A). She has not, however, filed a stipulation of dismissal of any claims, nor produced any evidence that she has requested dismissal from an arbitrator.

Granting the present motion would effectively permit plaintiff to circumvent the terms of the arbitration agreement without apparent consequences. Put simply, her representations do not bind her in any meaningful respect. Pursuing the arbitrable claims will remain open to her, despite the declarations of her intent to the contrary. In order to continue to give force to the arbitration agreement, therefore, the stay will remain in place until her arbitrable claims are either adjudicated in arbitration—as the court has already ordered—or dismissed. Because neither of those circumstances has occurred, plaintiff's motion is accordingly DENIED without prejudice.

**So Ordered.**

/s/ F. Dennis Saylor IV
F. Dennis Saylor IV
Dated:  February 16, 2024                      Chief Judge, United States District Court