UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| MARK THORPE, NICHOLAS MOON, and LATOYA CHAVIS-BURTON, | ) ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No. |
| v. | ) ) | 22-11033-FDS |
| EXEL INC. d/b/a DHL SUPPLY CHAIN (USA), | ) ) ) ) | |
| Defendant. | ) ) ) | |

## ORDER OF DISMISSAL

**SAYLOR, C.J.**

This is a wage-and-hour suit brought by employees of Exel Inc. d/b/a DHL Supply Chain USA ("DHL"). The complaint alleges claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and Illinois and California labor statutes. Plaintiff Chavis-Burton has also asserted a claim under the California Private Attorneys General Act of 2004 ("PAGA"), Cal. Lab. Code §§ 2698 *et seq*. (Count 8).

On July 13, 2023, the Court granted defendant's motion to compel arbitration of Counts 1 through 7 pursuant to an arbitration agreement between the parties. The Court severed and stayed Chavis-Burton's PAGA claim pending the resolution of those arbitration proceedings. (ECF No. 62). Chavis-Burton subsequently dismissed all of her claims except the PAGA claim. (ECF No. 74). The Court then ordered that the parties provide additional briefing as to whether it should exercise its supplemental jurisdiction over the sole remaining state-law claim. Because it declines to do so, the case will be dismissed.

When a complaint does not state a viable claim under federal law, and jurisdiction over the remaining claims is based solely on supplemental jurisdiction, a "district court has discretion to decline to exercise supplemental jurisdiction." *Uphoff Figueroa v. Alejandro*, 597 F.3d 423, 431 n.10 (1st Cir. 2010); 28 U.S.C. § 1367(c). In so doing, the court "must take into account considerations of judicial economy, convenience, fairness to the litigants, and comity." *Delgado v. Pawtucket Police Dep't*, 668 F.3d 42, 48 (1st Cir. 2012); *see also Wilber v. Curtis*, 872 F.3d 15, 23 (1st Cir. 2017) ("[I]t can be an abuse of discretion—if no federal claim remains—for a district court to retain jurisdiction over a pendent state law claim when that state law claim presents a substantial question of state law that is better addressed by the state courts.").

Here, all of Chavis-Burton's federal claims have been dismissed. What remains is a single California state-law claim. No litigation has occurred regarding the merits of that PAGA claim. Several other district courts facing similar situations have declined to exercise supplemental jurisdiction over a PAGA claim. *See, e.g.*, *Hernandez v. MasterCorp, Inc.*, 2020 WL 6747381, at *6 (C.D. Cal. Sept. 15, 2020) ("PAGA is purely a state law creature, and primary responsibility for developing and applying state law rests with the California courts."); *Sheppard v. Staffmark Inv.*, 2021 WL 690260, at *8-9 (N.D. Cal. Feb. 23, 2021); *Madeira v. Converse, Inc.*, 2021 WL 6496837, at *2-3 (C.D. Cal. Feb. 9, 2021). Under the circumstances here, the Court will do the same.

Accordingly, because the Court declines to assert its supplemental jurisdiction over the only remaining claim, the case is DISMISSED. Defendant's motion for judgment on the pleadings is DENIED as moot. The Clerk is instructed to enter a separate order of dismissal.

**So Ordered.**

/s/ F. Dennis Saylor IV
F. Dennis Saylor IV
Dated:  March 25, 2023                         Chief Judge, United States District Court